CHICAGO AND NORTHWESTERN RAILWAY COMPANY
v.
JEREMIAH CARROLL.

NEGLIGENCE—INSTRUCTIONS.—An instruction which attempts to define the character and degree of negligence which would authorize a recovery for an injury, but which omits the essential qualification that the negligence upon which a recovery must be based, is such as contributed to the injury and such alone, is erroneous.

APPEAL from the Superior Court of Cook county; the Hon. SIDNEY SMITH, Judge, presiding. Opinion filed April 24, 1883.

Mr. B. C. COOK, for appellant; that the testimony in the case does not tend to prove the cause of action set out in the declaration, cited C. & N. W. R'y Co. v. Carroll, 5 Bradwell, 201.

As to variance: 1 Chitty on Pleading, 7th Am. Ed. 427; City of Bloomington v. Goodrich, 88 Ill. 558; C. & N. W. R'y Co. v. Scheuring, 4 Bradwell, 540; Gavin v. City of Chicago, 97 Ill. 66; T. W. & W. R. R. Co. v. Morgan, 72 Ill. 155; I. C. R. R. Co. v. McKee, 43 Ill. 121; T. W. & W. R'y Co. v. Beggs, 85 Ill. 81; T. W. & W. R'y Co. v. Foss, 88 Ill. 551; Camp Point M'f'g Co. v. Ballou, 71 Ill. 419; Springfield City R'y Co. v. DeCamp, 11 Bradwell, 478; City of Joliet v. Henry, 11 Bradwell, 154; Mayor v. Humphries, 1 Carr and Payne, 251; M. H. & O. R. Co. v. Marcote, 41 Mich. 433.

The proof fails to show a liability: Quinn v. I. C. R. R. Co. 51 Ill. 498; Willis v. L. I. R. R. Co. 32 Bar. 399; R. R. I. & St. L. R. R. Co. v. Coultas, 67 Ill. 400; Camden & Atlantic R. R. Co. v. Hoosey, 15 Cent. L. J. 154; Goldstein v. C. M. & St. P. R'y Co. 46 Wis. 406; C. B. & Q. R. R. Co. v. Randolph, 53 Ill. 510.

Instructions should be based upon the evidence: Worden v. Salter, 90 Ill. 163; American v. Rimpert, 75 Ill. 229; Hite v. Blandford, 45 Ill. 9; McNair v. White, 46 Ill. 211; Has-

sett v. Johnson, 48 Ill. 68; Bradley v. Parks, 83 Ill. 1 i9; Badger v. Batavia M'f'g Co. 70 Ill. 302; Straus v. Minzesheimer, 78 Ill. 492; Ind. & St. L. R. R. Co. v. Miller, 71 Ill. 464; South Evanston v. Lynch, 1 Bradwell, 64; Andreas v. Ketcham, 77 Ill. 377.

As to the rule of comparative negligence: C. B. & Q. R. R. Co. v. Harwood, 80 Ill. 91; I. C. R. R. Co. v. Benton, 69 Ill. 175; Cushman v. Cogswell, 86 Ill. 66; City of Joliet v. Seward, 86 Ill. 402; Wabash R'y Co. v. Henks, 91 Ill. 406; C. B. & Q. R. R. Co. v. Johnson, 103 Ill. 512; C. & N. W. R'y Co. v. Thorson, 11 Bradwell, 635; Goldstein v. C. M. & S. P. R'y Co. 46 Wis. 406.

Messrs. HYNES, ENGLISH & DUNNE, for appellee; as to negligence, cited C. & N. W. R'y Co. v. Carroll, 5 Bradwell, 208.

It is not negligence in law for a passenger to follow the direction given by a servant of the company to pass from one car to another while the train is in motion, in order to get a seat: McIntyre v. N. Y. Cent. R. R. Co. 38 N. Y. 260; Penn. R. R. Co. v. McCloskey, 23 Penn.; Carroll v. N. Y. Co. 1 Duer, 579; Willis v. L. I. R. R. Co. 32 Bar. 407; Same, 34 N. Y. 670; Colegrove v. H. & N. H. R. R. Co. 6 Duer, 415.

Courts condemn the violent and dangerous method of making a flying switch: Chicago, etc. R. R. Co. v. Dignan, 56 Ill. 487; Haley v. N. Y. etc. 7 Hun, 84; Hay v. Penn. R. R. Co. 65 Penn. 269; I. C. R. R. Co. v. Baches, 55 Ill. 379; Ill. etc. R. R. Co. v. Hammer, 72 Ill. 347.

BAILEY, P. J. A former judgment in this case in favor of Carroll, the plaintiff, was reversed at the October term, 1879, of this court, and the cause was remanded for a new trial. C. & N. W. R'y Co. v. Carroll, 5 Bradwell, 201. Another trial has now been had before the court below and a jury, resulting in a judgment in favor of the plaintiff for $7,000 and costs, from which judgment the defendant has appealed to this court.

The evidence in the present record is, in all its essential features, substantially identical with that before us on the

former appeal, and as the facts are fully stated in the opinion then filed, it will be unnecessary to repeat them here. The first instruction given to the jury at the instance of the plaintiff was as follows:

" The court instructs the jury, that while a person is bound to use reasonable care to avoid injury, yet he is not held to the highest degree of care and prudence of which the human mind is capable; and to authorize a recovery for an injury, he need not be wholly free from negligence, provided his negligence is but slight, and the other party be guilty of negligence which is gross in comparison with such slight negligence."

This instruction failed to limit the jury to the consideration of *contributory* negligence. The declaration charges the defendant with negligence in failing to provide sufficient cars for the accommodation of all its passengers from Chicago to Calvary Station, and the evidence tends to show that from Chicago to Rose Hill the accommodations furnished were insufficient, and that the cars were very much crowded, so that when the plaintiff got onto the train at Chicago, it was very difficult, if not impossible, for him to find even standing room in the cars. At Rose Hill, however, a large number of passengers left the train, and the condition of things was thereby very essentially changed before the plaintiff received his injury. However much, then, the defendant may have been chargeable with negligence before arriving at that station, such negligence was wholly immaterial, except so far as it was continued down to the time of the plaintiff's injury, and actually contributed to such injury. The instruction attempts to define the character and degree of negligence which would authorize a recovery for an injury, but omits the essential qualification that the negligence upon which a recovery must be based, is such as contributed to the injury, and such alone.

As the evidence tended to prove conduct on the part of the defendant which the jury may have regarded as negligent, but which, from the nature of the case, could not have contributed to the injury of which the plaintiff complains, said instruction had a manifest tendency to mislead the jury,

and we find no other instruction given by which said error can be said to have been corrected.

Various other questions are raised by counsel which we do not deem it necessary to consider, but for the error in the instruction above recited, the judgment will be reversed and the cause remanded.

Judgment reversed.