Sarah M. Parker, Ex., etc.

v.

Lake Shore & Michigan Southern Ry. Co.

1. Negligence—When case may be taken from jury.—Where the evidence is undisputed as respects the want of ordinary care on the part of the person injured and culpable negligence is clearly shown, the trial judge may decide the question as matter of law, and take the case from the jury; but the evidence must show rashness, culpable negligence of the injured person, so clearly, as not justly or fairly to admit of any other conclusion.

2. Amendments—Practice.—Where the supplemental bill of exceptions, purporting to amend the former one, was ordered signed and sealed long after the time for filing a bill of exceptions had expired, and was filed in this court by leave of court, held, that the practice in such case is to consider the matter open to inquiry, whether such amendment is entitled to any consideration or not; that in this case it was unauthorized and should be totally disregarded.

Error to the Circuit Court of Cook county; the Hon. Lorin C. Collins, Judge, presiding. Opinion filed November 8, 1886.

Mr. John T. Richards and Mr. John McGaffey, for plaintiff in error.

Mr. Pliny B. Smith, for defendant in error.

McAllister, P. J. This was an action brought by plaintiff in error, the widow, and as executrix of John C. Parker, deceased, against the defendant railroad company, to recover damages consequent upon the death of said Parker, occasioned, as it was alleged, by the negligence of the defendant.

There was a trial under the plea of general issue, and when plaintiff had put in her evidence and rested, the court, at the instance of defendant's counsel, directed the jury, by instruction in writing, to find for defendant, which was accordingly done, and judgment having passed against plaintiff, she brings error to this court.

The propriety of that instruction is the only question involved or discussed by counsel.

It is indisputable that the plaintiff sought a recovery upon the ground of mere negligence on the part of defendant; hence, want of ordinary care on the part of the decedent, at the time in question, would defeat a recovery.  C., B. & Q. R. R. Co. v. Johnson, Adm., 103 Ill. 512, and cases cited; Calumet Iron and Steel Co. v. Martin, Adm'x, 115 Ill. 358.

The general rule of law is well settled in this State, that the questions of negligence on the part of the defendant, and of want of ordinary care to avoid the injury on the part of the person injured, are questions of fact for the jury.

It is true, that in many cases in our reports, where the evidence has been undisputed as respected the want of ordinary care on the part of the person injured, and culpable negligence was clearly shown, the rule has been recognized, that the trial judge may, in such cases, decide the question as matter of law, and take the case from the jury.  But it is always to be borne in mind, that, in order to preserve the province of the jury sacred as against invasion by the court, the evidence must show rashness—culpable negligence of the injured person — so clearly as not justly or fairly to admit of any other conclusion.

Now, the evidence contained in the original bill of exceptions clearly tended to prove negligence on the part of defendant, as charged in the declaration; but we are of opinion that it did not show want of ordinary care on the part of Parker, the deceased, with that clearness and conclusiveness which would justify the trial judge in taking the case from the jury. For, taking the evidence as it is so presented, if there had been a verdict for the plaintiff, we can not say it would have been the duty of the court below, or of this court, to set it aside on that ground.

The counsel for defendant in error seems to have been conscious that his case needed strengthening, because, after the term had elapsed at which the judgment was entered, and after the time had expired for signing and filing a bill of exceptions, he caused a supplementary bill of exceptions to be signed and sealed by the trial judge, which purported to amend

said original bill of exceptions by incorporating further and material evidence therein, as having been given on the trial, of which no mention is made in said original, which expressly states that it contains all the evidence given at the trial.

The judgment was rendered May 21, 1886. That term of May would expire by the third Monday of June. The original bill of exceptions was signed, sealed and filed within the time given by the court, July 13, 1886.

The said supplemental bill of exceptions, purporting to amend the former one, was ordered signed and sealed September 25th, long after the time for filing a bill of exceptions had expired. It is true it was filed in this court by leave of court. Notwithstanding that, the practice in the Supreme Court and in this court is to consider the matter open to inquiry, whether such amendment is entitled to any consideration. On examining the record of said amendment we find that it fails to show any notice to, or appearance by, the opposite party; and it fails to disclose by what such amendment was made. We are of opinion that it was unauthorized and should be totally disregarded. Seig v. Long, 72 Ind. 18; Jones v. The State, 64 Geo. 697; Dougherty v. The People, Ill. Sup. Ct. opinion, filed at Springfield October 6, 1886, unreported.

For the error in taking the case from the jury the judgment will be reversed and cause remanded.

·Judgment reversed.