(Decided 16th January, 1891.)

---

STATE OF MARYLAND, use of MINNIE DYRENFURTH, widow, and others, *vs.* THE BALTIMORE AND OHIO RAILROAD COMPANY.

*Province of Court and Jury—Railroad Company—Death caused by Negligence—Contributory negligence.*

Where the facts are undisputed, or where but one reasonable inference can be drawn from them, the question is one of law for the Court; but where the facts are left by the evidence in dispute, or where fair minds might draw different conclusions from them, the case should go to the jury.

An adult in full possession of his faculties, without stopping to look, attempted to cross a railroad track within from three to

State, use of Dyrenfurth *vs.* Balto. and Ohio R. R. Co.

six feet of an approaching engine, which was running backward at the rate of from ten to fifteen miles an hour, and was struck by the tender of the engine and killed. The deceased lived within a short distance of the place where the accident occurred, and its surroundings were well known to him. HELD :

1st. That the deceased was guilty of contributory negligence as a matter of law, and a recovery could not be had against the railroad company.

2nd. That conceding that the company was also guilty of negligence this would not affect the case in the absence of evidence to show that the injury sustained was the direct consequence of such negligence.

APPEAL from the Superior Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., MILLER, ROBINSON, BRYAN, FOWLER, McSHERRY, and BRISCOE, J.

*S. Johnson Poe,* and *John Prentiss Poe,* for the appellant.

*George Dobbin Penniman,* for the appellee.

BRISCOE, J., delivered the opinion of the Court.

This was an action brought against the Baltimore and Ohio Railroad Company by the State for the use of Minnie Dyrenfurth, widow, and the infant children of Solomon Dyrenfurth, to recover damages for his death. He was killed on the track of the appellee near Lee street, in the City of Baltimore, by being run over by a tender and locomotive belonging to the said company. At the conclusion of the plaintiff's evidence, the Court instructed the jury that, according to the evidence in the case on the part of the plaintiff, the death of Solomon Dyrenfurth was caused by his contributory negli-

gence, and the verdict of the jury must be for the defendant. The only question therefore presented to this Court by the exception to the prayer is whether the case should have been left to the jury, or whether the facts and circumstances of the case were so plain and patent as to have justified the Court in pronouncing them contributory negligence in law.

The legal principles governing cases of this character are too well established by decisions of this Court to admit of controversy, the only difficulty being the application of the facts of each case as they arise.

In the recent cases of *State, use of Harvey vs. Balto. & Ohio R. R. Co.*, 69 *Md.*, 339, and *Baltimore & Ohio R. R. Co. vs. Mali*, 66 *Md.*, 53, this Court adopts the following rule: where the facts are undisputed, or where but one reasonable inference can be drawn from them, the question is one of law for the Court; but where the facts are left by the evidence in dispute, or where fair minds might draw different conclusions from them, the case should go to the jury. In the present case, the facts are few, and not difficult of solution, there being but one witness to the accident. The proof shows that Dyrenfurth was killed by a tender attached to a shifting engine belonging to the appellee, while he was attempting to cross ten or more parallel railroad tracks, located where the Baltimore and Ohio Railroad crosses Lee street in the City of Baltimore. He was in full view of the engine, which was running backward, and coming northward on the track toward him. He was going southward toward the engine, and, without stopping to look, attempted to cross the track, within from three to six feet of the engine, which was running at the rate of from ten to fifteen miles an hour. The witness Meller, who was on the same side of the street with Dyrenfurth, and who saw the engine before it reached the point where the accident occurred, testified that Dyren-

furth came across from the north, on the north side of Lee street, the same side he was on. "He came across, and as he got about, or was about crossing over that way, diagonally, cat-a-cornered, and as he crossed over I thought then, right there, that there would be an accident as he was going over, and as he got on the track, and the tender came up, *he saw it crossing,* and he throwed himself over, that way, (shows by throwing his hands up,) the tender on top of him." He further testified "that Dyrenfurth looked as if he was pretty safe; he didn't appear to be looking for anything." The proof further shows that the deceased was a man, at the time of the accident, in the full possession of all his faculties; that he lived within a short distance of the place where the accident occurred; and that its surroundings were well known to him. We think that the facts of this case bring it within the rulings of this Court, in the case of *Balto. & Ohio R. R. Co. vs. Mali,* 66 *Md.,* 53, where it was held that a person who attempts to cross a railroad track, in view of an engine moving toward him, and not more than twelve feet from him, was guilty of contributory negligence as a matter of law. But the contention of the appellant is, that the accident was caused under circumstances showing great negligence on the part of the company; that the engine was backing at a rate of speed greatly in excess of that allowed by the city ordinance; that there was no light, nor any person on the rear of the tender to see that the track was clear; that the bell was not ringing, nor was any warning given of the approach of the engine. But, conceding the contention of the appellant, that the company was guilty of negligence, still there is no evidence to show that the injury sustained was the direct cause or consequence of said negligence, but it shows that the plaintiff directly contributed by his own negligence and want of care to produce the injury complained

of. "The decisive and controlling fact in this case," like the case of *State, use of Harvey vs. Balto. & Ohio R. R. Co.*, 69 *Md.*, 339, "was the voluntary attempt of the deceased to cross the tracks in full view of a moving engine, and so near to it that no person of ordinary prudence would have made the attempt." Finding no error in the ruling, the judgment will be affirmed.

*Judgment affirmed.*

(Decided 22nd January, 1891.)

