## CAROLINE HEYING *vs.* THE UNITED RAILWAYS & ELECTRIC CO.

*Contributory Negligence—Crossing Track in Front of Car Seen to be Approaching.*

Plaintiff, a woman, driving a wagon on a dark morning in midwinter, came to the tracks of defendant's electric street railway. She saw a car coming, but erroneously thinking there was time to cross, attempted to do so, and the wagon was struck by the car and plaintiff injured. There was no evidence that the motorman could have stopped the car, after perceiving plaintiff's peril, in time to avoid the collision. *Held,* that the case was properly withdrawn from the jury, because there was no evidence of defendant's negligence and there was evidence of plaintiff's contributory negligence.

Appeal from the Court of Common Pleas (STOCKBRIDGE, J.)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, BOYD, PEARCE and SCHMUCKER, JJ.

*Myer Rosenbush,* for the appellant.

*George Dobbin Penniman* and *Arthur D. Foster* (with whom was *R. C. Foster* on the brief), for the appellee.

FOWLER, J., delivered the opinion of the Court.

Caroline Heying brought this suit against the United Railways Company of Baltimore City to recover damages for serious bodily injury which she suffered while driving her milk wagon on one of the streets of Baltimore City.

The facts as they appear in the record are that between 5.30 and 6 o'clock on the morning of December 13th, 1902, the plaintiff was driving up Columbia ave. to Cross street, up Cross street to Sharp street; that as she came to the corner of Sharp and Cross streets she looked up both sides, but she didn't see the car coming, and she hurried up as quick as she could, and the car struck the rear end of the wagon; that when she

looked the *second time* the car was a good ways from her, she couldn't tell how far, but it was closer to Hamburg street than to Cross street; that she hurried over as quickly as she could; she tried her best, but she couldn't get over; the wagon was smashed completely to pieces and she was knocked senseless."

On cross-examination the plaintiff testified that when she arrived at the corner of Sharp and Cross streess she looked in both directions, up and down Sharp street, on which the cars ran.    And seeing no car she proceeded to cross the track. But she testified that before crossing she looked again, and in spite of the fact that she saw the car coming she hurried and tried to get across before the car could get to the crossing.

In our opinion this is a clear case of contributory negligence.    It is apparent from all the evidence that the car must have been a very short distance from the corner when the plaintiff with a reckless disregard of her safety, or perhaps more likely a want of appreciation of her danger, drove directly on the track in front of the car.    Nor is there any evidence to show that after the motorman saw her in a place of danger, or could have so seen her by the exercise of any, even the greatest degree of care, could have stopped the car in time to avoid the collision.

As has often been said, the defense of contributory negligence admits some degree of negligence on the part of the defendant.    But in this case the defendant does not appear to have been at fault, and the Court so instructed the jury by granting defendant's first prayer, by which they were told that there was no legally sufficient evidence of negligence on the part of the defendant.    But if we should assume there was some such evidence which ought to have gone to the jury, still if the plaintiff was guilty of contributory negligence, the question of negligence *vel non* on the part of the defendant becomes immaterial, for if there was no negligence on its part there can be no recovery, and if there was, the same result would follow because of the plaintiff's contributory negligence. But, as we have seen, her own testimony was sufficient to justify a verdict and judgment for the defendant.    She was asked

this question, "You looked and you saw the car coming, and instead of stopping and waiting you hurried and drove right on the track." And she answered "Yes, sir." We do not deem it necessary to apply to the facts of this case the well settled principles, so frequently announced by us. It is only one more case where the injury was caused by an error of judgment. The plaintiff can hardly be supposed to have been so reckless or to have had so little judgment, as to have attempted to cross when the car was so close to the crossing as it proved in fact to be. As was said in *Thomas* v. *Pass. Ry. Co.*, 132 Pa. St. 505, "She would seem to have taken the chances and assumed the risk," or as we said in *Meidlings case*, 97 Md. 77, if the calculation the plaintiff made in regard to the distance the car was from the crossing had been correct, she doubtless would not have been injured, but she was in error, and she ought to have known she was likely to make a mistake in this respect, because the accident happened on a dark, foggy morning in the middle of December. But upon the whole case it would appear as though the plaintiff was running a race with the defendants' car, and it was her misfortune that she and the car arrived at the crossing at the same time. In this connection it must not be forgotten, that, assuming (and there is no proof it), that the motorman saw the plaintiff just before she drove on the track, he had a right to assume she would stop in a place of safety.

Being of opinion the case was properly withdrawn from the jury, the judgment will be affirmed.

*Judgment affirmed with costs.*

(Decided January 12th, 1905.)