## ADAM SPARR *vs.* THE UNITED RAILWAYS AND ELECTRIC COMPANY OF BALTIMORE.

*Collision at Electric Railway Crossing in Open Country—Contributory Negligence.*

An old man driving a cart on a road running through open fields to a garbage dump came to a point where the road crossed the double tracks of the defendant electric street railway. He testified that he looked to see if a car was approaching from either direction, but not seeing or hearing any, drove on, and that the wheel of his cart, when it was on the first track, was struck by a car and the injuries inflicted upon him to recover for which this suit was brought. The accident occurred in broad daylight, and both the plaintiff and the motorman in charge of the car had an unobstructed view of each other. *Held,* that, if it be assumed that there was some evidence of negligence on the part of the defendant, yet the plaintiff's contributory negligence was such as to bar the right to recover, since he could have seen the approaching car for a distance of more than five hundred feet, and if he looked and saw it he was negligent in attempting to cross in front of it; and if he did not see it, it must have been because he did not really look, and it was negligence to start across

the track without looking to see if a car was coming. Under these circumstances the motorman had a right to assume, if he saw the plaintiff approaching the track, that he would not attempt to cross in front of a rapidly approaching car.

*Decided January 10th, 1911.*

Appeal from the Court of Common Pleas (HEUISLER, J.).

The cause was argued before BOYD, C. J., BRISCOE, SCHMUCKER, BURKE, THOMAS, PATTISON and URNER, JJ.

*James J. Lindsay* (with whom was *John G. Nagengast* on the brief), for the appellant.

*Joseph C. France* and *J. Pembroke Thom,* for the appellee.

THOMAS, J., delivered the opinion of the Court.

The appeal in this case is from a judgment in favor of the defendant in a suit to recover damages for injuries alleged to have been caused by the negligence of the United Railways and Electric Company of Baltimore.

There is but one exception in the case, and that is to the granting, at the conclusion of the evidence offered by the plaintiff, of the defendant's prayers, instructing the jury that under the pleadings in the case, there was no evidence legally sufficient to entitle the plaintiff to recover, and that the uncontradicted evidence in the case shows that the plaintiff was guilty of negligence directly contributing to the accident, and that their verdict should be for the defendant.

The accident occurred within the limits of Baltimore City, on a road called the Old Annapolis road or Russell street, and at the point where the accident happened the road runs through an open field. The two tracks of the appellee, which are constructed like railroad tracks, with T-rails, are on the

west side of the road, and the driveway is on the east side. To the west of the tracks there is a field which was used as the City's dumping ground, and at the place of the accident the spaces between the tracks of the appellee were filled in with cinders or ashes so as to make a crossing from the driveway to the dump. About five hundred feet south of this crossing there is a bridge called Harmon's bridge which crosses Gwynn's Falls, and the railway crosses the Falls on a trestle running parallel with and west of the bridge. There is no grade, or anything to obstruct the view, between the crossing and the bridge, and north of the crossing there are no houses for several blocks.

On the morning of the accident, July 17, 1909, the plaintiff was engaged in hauling brick to the dump, and was driving a one-horse cart down the Old Annapolis road towards the crossing and in the direction of the bridge. According to his testimony, he was sitting on the "left-hand side of the cart driving the horse," and when he got to the crossing, and was making the turn to cross the track, he looked both ways to see if a car was coming. He said: "It is an open field," and that he could see all around; that the turn he made was about the length of a horse and cart and that as he made the turn he had an unobstructed view of the tracks; that he could see nearly half a mile off, and had a clear view of the tracks beyond the bridge; "the further off I look the better I can see.—My hearing is pretty tough;" that he "didn't hear any noise because there wasn't any bells ringing or nothing else;" that the car struck the cart and injured him about two or three seconds after he looked, and as he was crossing the first track. It further appears from his testimony that he was about seventy-three years of age; that he had been hauling to this dump for many years, and had been using the crossing in question every day for the previous week.

Witness Shue, who saw the accident, says that he was driving a garbage cart just behind the plaintiff, and was on his way to the dump; that the wheel and front part of the

plaintiff's cart was struck by the car just as the plaintiff was crossing the first or east track; that at the crossing a person can see beyond the bridge; that he saw the car, and that when he saw it it was at the bridge and the plaintiff was not on the track, he was "a yard or two from it," but was just about to cross it, and did not stop until the car struck him; that he cannot tell how fast the car was going because he does not know how fast those cars can run, but that it was going at a pretty good speed; that there were two men on the front of the car; that one of the men had "a full uniform on," and the other man had a uniform cap on, and that the one that had the cap on was running or controlling the car.

This is substantially all of the evidence in the case, having any relation to the questions we have to consider. Even assuming that there is some evidence of negligence on the part of the appellee, we think the record discloses a clear case of contributory negligence. Judge Alvey said in *State, use of Bacon* v. *R. R. Co.,* 58 Md. 482: "It is difficult to suppose that they did not see the approaching train, with its glaring headlight confronting them, in time to enable them to step from the track. If the deceased did see or hear the approaching train in time, and failed to get out of the way, he was certainly guilty of the grossest negligence; and if he did not see or hear the approaching train, it must have been because he did not use his senses for his protection, and he was therefore guilty of negligence, and that negligence directly contributed to the cause of his death. And upon either of these suppositions (and there can be no other upon the proof offered by the plaintiff), it was quite immaterial that the whistle was not sounded as the train approached the crossing; for conceding that omission to have been negligence on the part of the defendant in respect to the deceased, yet, if the latter saw or heard the approaching train in time to get from the track, the sounding of the whistle would have added nothing to the admonition to escape; and if he did not see or

hear the approach of the train, his own negligence in placing himself in such a perilous situation, and the manifest want of care and attention in the use of his senses to guard himself against the perils that he had voluntarily incurred, so directly contributed to and brought about the occurrence of the accident, that all right of action for and in respect of the alleged negligence of the defendant is completely precluded." In the case of *Phillips* v. *W. & R. Ry. Co.,* 104 Md. 455, where the plaintiff was riding along a country road, on one side of which ran the track of an electric railway, and turned to cross the track with his back towards an approaching car and was struck and injured, CHIEF JUDGE MCSHERRY said: "If the approaching car *could* have been seen by the appellant in time to avoid the collision had he looked in the direction it was moving, and he says he did not see it; then it follows that he did not see it solely because he did not look, notwithstanding he says he did look, unless it is shown that his eye sight was so defective that it was impossible *by reason of that fact,* for him to see it. But there is no pretense that his vision was impaired and hence the conclusion is irresistible that, though he says he looked, he failed to see the approaching car because he did not look; and if he did not look before crossing the tracks he was guilty of sheer contributory negligence." In the case at bar, the appellant could have seen the car approaching from the direction of the bridge for a distance of more than five hundred feet. He says that he could see all around and beyond the bridge, and that the greater the distance the better he could see. It is, therefore, apparent that if he had looked before entering upon the track of the appellee he would have seen the car approaching, and if he did look and did see the car, he was guilty of negligence in attempting to cross in front of it. If, on the other hand, he did not see the car, it must have been because he did not look, and it was negligence on his part to venture to cross the track without observing the precaution of looking to see if a car was coming.

Even if those in charge of the car saw the appellant before he got on the track, they had a right to assume that he would stop in a place of safety and not attempt to cross in front of the car. There is no evidence to show that after the motorman saw the appellant in a dangerous position he could, by the exercise of reasonable care, have avoided the accident. *McNab* v. *United Rys. Co.,* 94 *Md.* 719; *Heying* v. *United Railways Co.,* 100 Md. 281.

The appellant relies upon the class of cases to which the recent case of *United Railways and Electric Company* v. *Ward,* 113 Md. 649, and the case of *United Railways and Electric Company* v. *Watkins,* 102 Md. 267, belong. But as has been frequently stated by this Court those cases have no application to accidents occurring in the open country, where cars are known and permitted to run at much greater speed than is permissible on the crowded thoroughfares of a city, where those in charge are not required to reduce the speed of the car as they approach a road crossing, and where more caution is therefore demanded of persons in crossing the tracks. The fact that the place of the accident was within the City limits can make no difference. The evidence shows that the surroundings were practically the same as if it had been in the open country outside of the limits of the City. *United Railways Co.* v. *Watkins, supra; Phillips* v. *W. & R. Ry. Co., supra.*

As the appellant by his own negligence directly contributed to the accident and injury of which he complains, there was no error in withdrawing the case from the jury, and the judgment appealed from must be affirmed.

*Judgment affirmed with costs.*