STATE OF MARYLAND, for the Use of Mollie L.
Tilghman, Widow, and Margaret E. Tilghman
and John W. Tilghman, Children of
William L. Tilghman,

*vs.*

THE NEW YORK, PHILADELPHIA AND NORFOLK
RAILROAD COMPANY.

*Railway engineers: persons approaching track; contributory
negligence; crossing tracks without looking.    Evi-
dence: erroneous ruling; when no cause
for reversal.*

A party in full possession of his faculties, who, for a distance
of even 40 feet, has an unobstructed view of an approaching
railroad engine, before he reached the place on the tracks where
he was struck by the engine, and who if he had paused and
looked before attempting to cross the tracks, would have avoided
the accident, is guilty of contributory negligence as a matter of
law.    p. 677

When the engineer of a railroad engine sees a person approach-
ing a railroad crossing, he has the right to assume that he will
stop in a place of safety, and not attempt to cross in front of
the approaching engine.    p. 679

In such a case where there is no evidence that the engineer
neglected any precautions to avoid the accident, after he dis-
covered the dangerous position of such party, a prayer taking
the case from the jury is properly granted.    p. 680

The ruling of a Court sustaining an objection to evidence, can
not be reversible error, when the same is elsewhere admitted
in the case with objection.    p. 680

*Decided February 9th, 1916.*

Appeal from the Circuit Court for Dorchester County. (STANFORD, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Thomas H. Lewis* and *Alonzo L. Miles,* for the appellants.

*George H. Meyers* (with whom was *Joshua W. Miles* on the brief), for the appellee.

BRISCOE, J., delivered the opinion of the Court.

The controlling facts of this case, are the same as those just decided on the 9th day of February, 1916, of *State Use of Cullen,* v. *The New York, Philadelphia and Norfolk Railroad Company,* same appellee as in this case. (*Ante,* page 651.)

In Cullen's case, the deceased came to his death while attempting to cross on a bicycle, one of the streets of the town of Crisfield, Somerset County, and was struck and killed by one of the moving trains of the appellee.

In this case, the husband and father of the equitable plaintiffs, was killed on the morning of the 4th of June, 1913, while attempting to cross the track of the appellee on a bicycle, at a public crossing, at Railroad Avenue and Anne Street, in the town of Salisbury, Wicomico County, Maryland.

The appellee corporation owns and operates a railroad running between the City of Norfolk, in the State of Virginia, and Delmar, Maryland, by and through the town of Salisbury, Maryland.

The place at which the accident occurred, is known as Anne Street crossing and is a public and much used crossing over the defendant's tracks in the town of Salisbury. The

locomotive which struck the deceased was running backward pushing its tender on the north-bound track of the appellee, without any cars attached and was approaching the crossing, from the south, at the rate of about five or six miles an hour.

The undisputed evidence shows that the deceased had an unobstructed view of the approaching engine for a distance of forty or fifty feet from the place where he turned into Anne Street, before he reached the point where he was struck, and if he had stopped and looked before attempting to cross the track, he could have seen or heard the approach of the car, in time to have avoided the accident. He was familiar with the crossing and the surroundings, the bell of the locomotive was ringing and the view unobstructed for a distance of forty or fifty feet before he reached the crossing.

The principles of law controlling a case of this character are too well settled to admit of controversy.

In *State, Use of Dyrenfurth,* v. *B. & O. R. R.,* 73 Md. 374, it was held that, an adult in full possession of his faculties, without stopping to look, who voluntary attempted to cross a railroad track in full view of a moving engine, which was running backward and was struck by the tender of the engine and killed, was guilty of contributory negligence, as a matter of law. *United Rys. and Electric Co.* v. *Durham,* 117 Md. 192, and cases there cited; *Westerman* v. *United Rys. and Electric Co.,* 127 Md. 225; *State Use of Cullen,* v. *N. Y., P. & N. R. R., ante,* page 651.

In Cullen's case, *supra,* we held, under a similar state of facts, that Cullen was guilty of contributory negligence, and said, he was riding upon a bicycle, and at the point where he reached the track, he could easily have stopped and dismounted and there looked and listened for an approaching train, but this he failed to do, and met his death as described by the testimony. *Robertson* v. *Pa. R. R. Co.,* 180 Pa. 43; *Passman* v. *West. J. & S. Shore R. R. Co.,* 68 N. J. L. 719

In *Sparr* v. *United Rys. Co.,* 114 Md. 320, it is said: It is apparent that if he had looked before entering upon the

track of the railway he would have seen the car approaching, and if he did look and did see the car, he was guilty of negligence in attempting to cross in front of it. If on the other hand he did not see the car, it must have been because he did not look, and it was negligence on his part to venture to cross the track without observing the precaution of looking to see if a car was coming. Even if those in charge of the car saw the appellant before he got on the track they had a right to assume that he would stop in a place of safety and not attempt to cross in front of the car.

It is, however, urged upon the part of the plaintiff, that the liability of the defendant, in this case, consists in its failure to use all reasonable care and effort, after the engineer discovered the danger of Tilghman, to avoid and prevent the accident, notwithstanding the negligence and carelessness of the deceased, in placing himself in the position that he did.

In *State* v. *B. & O. R. R. Co.,* 69 Md. 339, it is said, "The law is too well established to need the citation of authorities to show that although a person may unlawfully and recklessly be upon a railroad, and by his own voluntary action be placed in a position of peril, still it is the imperative duty of the engineer, or the person in charge, as soon as the dangerous position is discovered, to use all reasonable efforts to prevent an accident. The complete exoneration of the defendant then depends upon these two propositions, first, that the deceased was guilty of contributory negligence in being upon the track, and, secondly, that as soon as her danger was discovered every reasonable effort was made to avert it."

In *W. Md. R. R. Co.* v. *Kehoe,* 83 Md. 452, this Court said in order to sustain this theory of the defendant's negligence, it was essential for the plaintiff to show, first, that the company's servants had knowledge of the peril; secondly, that they had that knowledge in time to avert an injury, and, thirdly, that they failed to exert proper care to avoid the injury after acquiring knowledge of the peril. *Phila. & Balto. R. Co.* v. *Holden,* 93 Md. 422; *State, Use of Silver,*

v. *P., B. & W. R. R. Co.,* 120 Md. 71; *McNab* v. *United Rys.,* 94 Md. 720.

In the present case there is no evidence to show that the engineer did not do all that was required of him to avoid the accident, when he discovered the perilous position of the deceased.

On the contrary, he testified that when he first saw the deceased he had turned into Anne Street, about forty or fifty feet from the crossing, that he was looking over the handle bars of the bicycle, ahead of his wheel, and going in a diagonal direction, and when he was within fifteen or seventeen feet of him, and when he found he was going to try to cross, he hollered "Look out there; grabbed his emergency brakes and put them on, the only thing he could do to stop the engine. That the condition of the track was wet from the rain that morning and the wheels skid on the rails." He further testified that he put on the brakes as soon as he saw the deceeased was in a place of danger, and that'he had ample time to stop the wheel and get off when he hollered and called his attention to the position he was in, that he did not see him when he was struck because he was on the opposite side, and the engine skidded about 60 or 80 feet.

The witness Bennett, who was near the crossing and saw the deceased go under the engine, testified that he heard a crash at the time the engineer put on the brakes. "The engineer had put on his brakes. Engine was slipping. . It was sliding right down on him, the crash was the brakes he put on."

It is clear, we think, that when the engineer saw the deceased approach the crossing, he had a right to assume as he stated that he would stop at a place of safety and not attempt to cross in front of the engine. *Md. Central R. R. Co.* v. *Neubeur,* 62 Md. 401; *Sparr* v. *United Rys. Co.,* 114 Md. 320.

And it is further evident from the undisputed evidence, upon the part of the plaintiff, that when the engineer dis-

covered the peril of the deceased, he did all that the law required of him to do to avoid the injury and to prevent the accident which caused the death of Tilghman, the husband and father of the equitable plaintiffs.

There was no evidence that the defendant's servants, in this case, failed to exert proper care to avoid the injury after the discovery of the perilous position of the deceased, and as was said by this Court, in *State, Use of Silver,* v. *P., B. & W. R. R. Co., supra,* a verdict finding that they did not would necessarily have been founded on mere speculation and conjecture.

For the reasons stated, we think the lower Court was entirely right in granting the defendant's prayers, instructing the jury that the deceased was guilty of contributory negligence and that under the pleadings and evidence, there was no legally sufficient evidence to entitle the plaintiff to recover and their verdict must be for the defendant.

We find no error in the rulings of the Court upon the admissibility of evidence set out in the five bills of exceptions.

. No injury was done the plaintiff by the refusal of the Court to permit an answer to the question objected to in the first exception, because the testimony was admitted without objection, in the subsequent trial of the case. *Michael* v. *Smith,* 124 Md. 121; *Rice* v. *Dinsmore,* 124 Md. 282.

.The second, third, fourth and fifth exceptions were to the refusal of the Court to permit an engineer to testify as to the space within which an engine such as ran over the deceased, going backward could be stopped. This testimony was immaterial, in view of the previous testimony upon the subject and its rejection could not have injured the plaintiff's case. *State* v. *P., B. & W. R. R.,* 120 Md. 71.

Finding no error in the rulings of the Court, the judgment will be affirmed.

*Judgment affirmed, with costs.*