BENEDICT v. CITY OF PORT HURON.

1. NEGLIGENCE — OPEN DRAWBRIDGE — ABSENCE OF GUARDS — CONTRIBUTORY NEGLIGENCE—KNOWLEDGE OF SURROUNDINGS—IMPROPER ARGUMENT—INSTRUCTIONS.

In an action by an executor against a city for negligently leaving a drawbridge open in the night-time without guards, whereby the decedent rode his bicycle off the approach and was drowned, it appeared that the opening was commonly guarded by a chain, but that the chain had become broken on the occasion of the accident. Defendant's counsel presented proof that the decedent on former occasions had ridden his wheel against the chain, and in his argument contended that such proof tended to show that decedent was habitually a careless rider. The court, however, instructed the jury that the line of argument was improper, that decedent's carelessness on previous occasions would have no bearing on the question of his negligence at the time of the accident, and that the testimony was admissible only to show that decedent was acquainted with his surroundings. *Held*, that the evidence was competent for the purpose pointed out by the court, and that the error in the argument was cured by the instructions.

2. SAME — OFFER OF INCOMPETENT EVIDENCE — MISCONDUCT OF COUNSEL.

The fact that defendant's counsel made an offer of proof that decedent had ridden against the chains which guarded bridges other than the one where the accident occurred, which proffered evidence the court excluded, will not require a reversal, it not appearing that counsel was guilty of intentional professional misconduct.

3. SAME—ACCIDENT — DEATH OF VICTIM — INFERENCE AS TO DUE CARE—ARGUMENTATIVE INSTRUCTIONS.

It was not error to refuse a request that the love of life is instinctive, and that men do not usually expose themselves to great danger without motive, and that deceased should not be deemed guilty of contributory negligence without "satisfactory proof or strong inference," since the request was not only argumentative, but the inference which jurors may draw, in the absence of testimony, where the victim of an accident is dead, may be overcome by any proof which, in the opinion of the jury, tends to show want of care.

4. SAME—RIDING WHEEL AT NIGHT—NECESSITY FOR CAUTION.
  Where a wheelman rode at night at a high rate of speed, with his head down, towards an open drawbridge, at which on one or two previous occasions he had been stopped by his wheel's striking a chain stretched across the highway, and, because of the absence of the chain on the particular occasion, fell . over the embankment and was drowned, it was not error to refuse an instruction, in an action for his death, that he had the right to assume that defendant would do its duty in the matter of guarding the draw, and was under no obligation to look for danger if he could not reasonably be expected to see that the draw was open, since, if he could not see, there was occasion for caution, and he should not have pushed on in the expectation of being stopped by the chain.

5. SAME—MOMENTARY FORGETFULNESS.
  Nor could the failure of decedent to act upon his knowledge be excused on the ground that he momentarily forgot the conditions.

6. SAME—CHANGE IN CONDITIONS—CAUTION TO JURY.
  Although the evidence showed that the condition of the bridge and surroundings had changed between the time of the accident and the time of the trial, it was not error to omit to caution the jury upon that point, since they could not fail to understand that they were to consider the condition at the time of the accident.

7. SAME.
  In an action for negligently causing death, proof that decedent was guilty of a want of ordinary care and prudence, in however slight a degree, which negligence directly contributed to the accident, will defeat a recovery; it not being necessary to show that his negligence "materially" contributed. Disapproving *dictum* in *Denman* v. *Johnston,* 85 Mich. 39

Error to St. Clair; Vance, J. Submitted June 8, 1900. Decided September 13, 1900.

Case by James W. Benedict, executor of the last will and testament of George P. Burgess, deceased, against the city of Port Huron, for negligently causing the death of plaintiff's testate. From a judgment for defendant, plaintiff brings error. Affirmed.

*Avery Bros. & Walsh* (*O'Brien J. Atkinson*, of counsel), for appellant.

*P. H. Phillips*, for appellee.

HOOKER, J. The plaintiff's testate was drowned through riding a bicycle off from a bridge, at night, while the draw was open to permit the passage of a vessel. Deceased had a place of business about two blocks from the bridge, and was in the habit of crossing the bridge on his way to and from his home. The testimony varies as to the degree of darkness, but it is shown to have been a moonlight night, and a red lamp upon the center of each side of the bridge was facing the street. Commonly a chain was stretched across the bridge when the draw was open, and this chain had been stretched on this occasion, but had been driven against and broken. Notwithstanding this fact, the draw was opened for the approaching boat, without any steps to provide warning to persons approaching being taken. The learned circuit judge left the questions of negligence and contributory negligence to the jury, and they returned a verdict as follows: "We find that George P. Burgess came to his death through contributory negligence, and therefore no cause of action." No requests for special findings had been submitted to them, but, as this verdict clearly shows that it was based on contributory negligence, it necessarily implies that they found the defendant guilty of negligence. It becomes unnecessary, therefore, to discuss the assignments of error bearing alone upon defendant's negligence.

There are other bridges in Port Huron where conditions are similar. The defendant showed that on one or two other occasions the deceased had ridden his bicycle against the chains upon the bridge where he ultimately met his death, and had been violently thrown down upon the bridge. An attempt was made to show that he had done the same upon another bridge, and, after the answer had been excluded, a similar question was asked as to a third bridge. It was not answered, however. The argument

was afterwards made that the fact that the deceased rode against the chain on other occasions tended to show that he was a careless rider, and corroborated the testimony of witnesses that on the night in question he started from his place of business at a rapid pace, with his head down, and was seen thus riding, and warned, when near the chain.   It is urged that the admission of this testimony, and the conduct of counsel in relation to it and to that excluded, call for a reversal of the case.   In his charge the judge said upon this subject:

"Now, in determining whether or not Mr. Burgess on that night in question was guilty of contributory negligence, you have a right to take into consideration his knowledge of the surrounding facts and circumstances. There was some testimony introduced here tending to show that Mr. Burgess on one or two other occasions had run against the chain on the bridge, and was thrown off his bicycle.   Now, that testimony was admitted for the single and sole purpose of showing, or tending to show, that Mr. Burgess knew the kind of a barrier that was used there, and so far as it tended to throw any light on the fact that he knew it was a drawbridge, and that it was opened at times for vessels to pass through.   The defendant's counsel, in his arguments, said to you that the evidence tended strongly to show what kind of a rider Mr. Burgess was, on his bicycle.   Now, that argument was not proper.   Counsel was distinctly advised before that testimony came in that it could not be used for that purpose.   You have no right to consider that testimony for the purpose of showing that Mr. Burgess was a careless rider, because, though he may have been careless at other times, that does not show that he was careless on this night.   Whether he was or was not careless on the night he was drowned must depend upon the evidence bearing upon his conduct that night, and not at any other time, so that for that purpose you will disregard that testimony; but you may consider it for the purpose of showing his knowledge of the bridge and the surrounding circumstances and the guards that were used there, but for no other."

It was certainly competent to show that the deceased was acquainted with the situation, and the fact that on other occasions he had ridden his wheel up to the verge of

the chasm, and had stopped at or been stopped by the chain, would be convincing evidence of such acquaintance, admissible notwithstanding the fact that it showed carelessness upon those occasions. It is a well-understood rule that testimony that is offered for a purpose for which it is competent is not to be excluded because it tends to prove another fact which is incompetent. The court carefully restricted the use of this proof, and plainly instructed the jury to disregard the objectionable argument. This was all he could do, and in the absence of intentional professional misconduct, or some evidence that the jury disregarded the instructions of the court, we should not reverse the case for the offer of proof.

Counsel for plaintiff requested the court to charge that:

"The love of life is instinctive. Men do not usually expose themselves to great discomfort or great danger without some strong motive. Mr. Burgess is dead, and cannot speak; but his estate is entitled to any presumption that may arise from this instinct of self-preservation, and you should not find him guilty of negligence without satisfactory proof or strong inference that he is so."

The request is objectionable, because argumentative; but, furthermore, the inference which a jury may draw, in the absence of testimony, in a case where the victim of the accident is dead, may be overcome by any proof which, in the opinion of the jury, reasonably tends to show want of care, and the judge was not called upon to instruct the jury that the "proof must be satisfactory, and the inference strong," without further explanation of the subject.

It is contended that the court should have instructed the jury that the deceased had a right to assume that the city would do its duty in the premises. A request of this kind was offered, but it was coupled with the implication that the deceased was under no obligation to look for danger if he could not reasonably be expected to see or expect that the draw was open. Under undisputed proof, we think that the deceased knew he was approaching a place that might be dangerous; and if, as the court said, he could not see, there was occasion for caution, and he

should not blindly push on, in reliance upon the expectation that he would be stopped by running into a chain on the brink of a chasm.

Again, the claim that, if he momentarily forgot the conditions, it would excuse his failure to act upon his knowledge, is not tenable. If it were, no one need do more than to forget his knowledge of conditions (*i. e.*, be absent-minded or preoccupied), to be excused from all care. But these things amount to inattention, and inattention is heedlessness, and this is not to be thus excused. The cases cited [1] do not support this claim. They go no further than to say that it is for the jury to determine what is due care in attempting to avoid a known danger.

Again, a request was offered to the effect that if deceased rode over the draw because of the absence of the chain, which he was looking for, the plaintiff was entitled to recover. This should not have been given. It left out other circumstances. It would not be due care to ride rapidly towards a place of danger in a dark night, in the expectation of seeing a small chain on the brink of a chasm in time to avoid danger. It would be a very hazardous performance.

It is contended, also, that the court ought to have called attention to differences in the condition of the bridge and surroundings at the time of the accident from those existing at the time of the trial, but we think the request was more in the nature of an argument than a proper request. The jury could not have failed to understand, if they were possessed of ordinary intelligence, that it was the condition upon the former, and not the latter, occasion that they were considering.

The court told the jury that:

" It is the settled law of this State that no person can recover damages against a city for injuries, nor for the death of any person, if the person who was killed or person injured was guilty of contributory negligence. Now, that

---

[1] Viz.: *Dundas* v. *City of Lansing*, 75 Mich. 499 ( 42 N. W. 1011); *Graves* v. *City of Battle Creek*, 95 Mich. 266 ( 54 N. W. 757 ); *Sias* v. *Village of Reed City*, 103 Mich. 312 ( 61 N. W. 502 ); *Urtel* v. *City of Flint*, 122 Mich. 65 ( 80 N. W. 991).

means merely this : If they were guilty of some act which in itself was negligence, and contributed to the injury they received, or to the death they complained of, it would make no difference how slight the negligence may be, if it contributed to the result, it defeats recovery absolutely."

It is now argued that this was error, and that the contributory negligence must be such as to materially contribute to the injury. This is based on an expression, probably used out of "abundant caution," in the case of *Denman* v. *Johnston*, 85 Mich. 396 (48 N. W. 565). No such question was involved or passed upon in the case, and no other is cited. On the other hand, it is settled that if the plaintiff was guilty of any want of ordinary care and prudence, however slight, which neglect contributed directly to produce the injury, he cannot recover. *Cremer* v. *Town of Portland*, 36 Wis. 92. The language quoted from the charge might, under some authorities, be objectionable, if standing alone; but, in connection with the remainder of the charge, it is clear that want of ordinary care was made the test of contributory negligence. *E. g.*, the court sums up the subject by saying:

"All these matters are proper for your consideration, and from them determine whether or not Mr. Burgess, when he rode into that draw, was in the exercise of that reasonable care and caution that a prudent, careful, and cautious man would have exercised on such a night as that was, approaching that bridge, with the knowledge of the surroundings Mr. Burgess had. From this testimony, and all the surroundings, and your own view of the bridge, you must determine the fact whether he was in the exercise of reasonable care and caution,—in other words, whether he was guilty of contributory negligence."

For an interesting, but perhaps rather technical, discussion of this question, see Beach, Contrib. Neg. § 20, and notes.

We have endeavored to give the questions raised a critical examination, and think that the plaintiff's case was fairly tried, and clearly submitted to the jury.

The judgment is affirmed.

The other Justices concurred.