HAARA v. VREELAND.

1. TRIAL—TAKING TESTIMONY IN REFERENCE TO DRAWING WHICH
   HAS LITTLE MEANING IN PRINTED RECORD NOT COMMENDED.
   Practice of taking testimony by reference to a drawing or out-
   line, and which has little or no meaning when read from the
   printed record, is not to be commended.

2. MOTOR VEHICLES—NEGLIGENCE—CONTROL OF CAR—PRESUMPTIONS.
   Automobile driver not able to stop his car or bring it under con-
   trol within range of his vision may be assumed to have been
   guilty of negligence.

3. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—TRIAL—QUESTION FOR
   JURY.
   Where testimony on question as to whether plaintiff's decedent
   was guilty of contributory negligence was such that minds of
   reasonable men might come to different conclusion, issue of
   fact was presented for jury.

4. APPEAL AND ERROR—DETERMINATION OF FACT BY JURY BINDING
   ON APPELLATE COURT.
   Determination of jury on issue of fact is binding on appellate
   court unless contrary to overwhelming weight of evidence.

5. TRIAL—INSTRUCTIONS—APPEAL AND ERROR.
   Trial court's use of word "slightest," in charging jury as to
   burden of proof on plaintiff to show that her decedent "was
   free from any negligence which contributed to the injury, and
   when I say any negligence I mean even the slightest," held,
   not error as used in context, and especially in view of subse-
   quent instruction properly defining negligence and contributory
   negligence.

6. SAME.
   Trial court's use of words "as a matter of law," in instructing
   jury "if you find that at the time of the collision there was
   no tail light on the trailer and the lack of such tail light was
   one of the causes of such collision, then the said H. (decedent)
   was, as a matter of law, guilty of contributory negligence,"
   held, not error, since court clearly submitted question to jury
   as issue of fact.

Error to Washtenaw; Sample (George W.), J. Submitted April 16, 1931. (Docket No. 118, Calendar No. 35,525.) Decided June 1, 1931.

Case by Cenia Maria Haara, administratrix of the estate of Leo Benhard Haara, against W. Vreeland and others for personal injuries resulting in the death of plaintiff's decedent. Judgment for defendants. Plaintiff brings error. Affirmed.

*Chas. A. Bartanen,* for plaintiff.

*Reading & Reading,* for defendants.

NORTH, J. Plaintiff, as administratrix of the estate of her husband, Leo Benhard Haara, brought this suit against the defendants to recover damages incident to the death of Mr. Haara which was caused by an automobile collision. The jury found for defendants and plaintiff has appealed. The main questions presented are that the verdict was contrary to the great weight of the evidence, and the trial court erred in charging the jury in the manner hereinafter noted.

On January 1, 1929, plaintiff's decedent and a helper were operating a truck with a trailer traveling in a westerly direction upon U. S. 112 at a point about one and a half miles east of the village of Allen. By reason of snow and ice this paved highway at the place in question was slippery and these vehicles stalled when part way up a long hill. Before coming to a full stop the truck and trailer backed some little distance down the hill and in so doing came to a position where they extended from the southerly side of the pavement in a northwesterly direction to a point within three or four feet of the northerly side. This happened shortly

before five o'clock in the morning while it was still dark. Plaintiff's decedent at once placed a lighted red lantern some distance west and at the top of the hill to warn approaching traffic. There is a dispute in the testimony as to whether the trailer at the time of the accident carried a lighted tail light; and the testimony as to there having been other lights on the rear or right-hand side of the trailer, which might have been visible to traffic approaching from the east, as printed in this record, is very indefinite and unsatisfactory. Evidently witnesses in giving testimony referred to a drawing or outline. Decedent's helper testified:

"There were three green lights, and *here* was a red light, on the corner. One green light over *here* and one red light *here,* there were four lights. * * * There was a red light hanging over *here* and a red light hanging over *here,* that is, on the side towards the ditch."

Testimony so taken conveys little or no definite meaning when read from the printed record; and the too prevalent practice of taking testimony in this manner is not to be commended. These vehicles stood in the position indicated 25 or 30 minutes prior to the approach of defendant's automobile. As Mr. Haara and his helper were attempting to place a chain on the right-hand rear wheel of the truck, the helper observed an automobile belonging to Mr. Leon J. Vreeland and driven by Mr. Gross approaching from the east. Robert Vreeland, the son of Mr. Leon J. Vreeland, was riding in this car. Mr. Vreeland, Sr., was following some little distance behind in another automobile which he was driving for delivery to Chicago. Upon seeing the approaching vehicle, the helper warned Mr. Haara who thereupon seized a lighted red lantern and

moved quickly to a point near the right-hand front wheel of the trailer at which instant the collision seems to have occurred. Mr. Haara was seriously injured and died while *en route* to the hospital.

At the time of the accident it was snowing intermittently; and the driver of defendant's machine testified that as he approached the point of accident he saw "a big mass in the road;" the snow just lifted for a second; that he tried to stop but the road was slippery, his automobile skidded, and the collision with the trailer occurred. The impact was substantially at the right front wheel of the trailer. Other detailed circumstances may be omitted because the case can be disposed of upon the assumption that the driver of defendant's car was guilty of negligence in driving at such a rate of speed that he was not able to stop his car or bring it under control within the range of his vision. Appellant's contention that the verdict of the jury is against the great weight of evidence will be controlled by the determination as to whether the record discloses a question of fact for the jury as to Mr. Haara's contributory negligence. It is appellees' contention that in this regard there was an issue of fact because of the conflict in the testimony as to whether the trailer, at the time of the accident, was carrying a lighted tail light or was otherwise properly lighted; and because of the testimony showing that Mr. Haara immediately before the collision moved from a place of comparative safety into the pathway of the approaching car; and further, because Mr. Haara did not timely see the approaching automobile and give warning of the dangerous situation.

As to each of the claimed grounds of contributory negligence there was testimony in consequence of which the minds of reasonable men might come to a

different conclusion. Therefore an issue of fact as to the controlling question of Mr. Haara's contributory negligence was presented. This phase of the case was fairly submitted to the jury, and upon this review we do not find that the verdict in favor of the defendants was contrary to the overwhelming weight of evidence. The determination of the jury is binding on the appellate court. *Hillman Twp. Bd.* v. *Empire Mut. F. Ins. Co.,* 253 Mich. 394; *Gorman* v. *Jaffa,* 248 Mich. 557.

One of the two remaining alleged errors on the part of the trial court is based upon the use of the word "slightest" in the following portion of the charge:

"If you find that the defendant was guilty of negligence and find that by a preponderance of the proof, the burden being upon the plaintiff to establish it by such a rule, by such preponderance, and you find that the plaintiff at the same time was free from any negligence which contributed to the injury and when I say any negligence, I mean even the slightest, and find this by a preponderance of the proof as well, then you will pass to the question of whatever damages were suffered."

Without holding that the exact wording of the charge is an accurate statement of the law, we are of the opinion that at least as used in the context of the charge it was not prejudicial. The quoted sentence is from the very early part of the charge where the court was obviously attempting to lay before the jury a general outline of the issues involved. In the same paragraph he further stated:

"You will let me state that so that there will be no doubt about the question and that the court will not be misunderstood. That the two things the burden is upon the plaintiff to establish, the two things: First, that the defendant was guilty of

negligence. Second, that the plaintiff was free from negligence; and establish these two things by a preponderance of the proof, before you pass to the assessment of damages.''

In the next paragraph the court properly defined negligence and contributory negligence, and particularly applied the same test as to what constituted negligence on the part of the defendant and as to what constituted contributory negligence on the part of Mr. Haara.

The remaining asserted error involves the following portion of the charge to the jury:

''If you find that at the time of the collision there was no tail light on the trailer and the lack of such tail light was one of the causes of such collision, then the said Haara was, as a matter of law, guilty of contributory negligence and the plaintiff cannot recover in this case and your verdict shall be for the defendant.''

Appellant asserts that the court erred in using in the above context the expression ''as a matter of law.'' Had this expression when so used meant that the court held *as a matter of law* that Mr. Haara was guilty of contributory negligence, it would have been error. Clearly the court did not so use the expression. Instead he submitted this question to the jury as an issue of fact and the thought obviously conveyed to the jurors was that if they found there was no tail light on the trailer and that this circumstance was a cause of the collision, then under the law plaintiff's decedent was guilty of contributory negligence and could not recover. In such a statement there is no error.

The judgment entered in the lower court is affirmed, with costs to appellees.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, POTTER, SHARPE, and FEAD, JJ., concurred.