MACK *v.* PRECAST INDUSTRIES, INC.

1. NEGLIGENCE—INSTRUCTIONS—REPETITIOUSNESS.
   Unnecessary repetition of the instructed burden-duty of one party or the other in a typical negligence case is of itself argumentatively prejudicial.

2. SAME—INSTRUCTIONS—REPETITIOUSNESS.
   Repetition 16 times that plaintiff would be precluded from recovery if her decedent were guilty of contributory negligence *however slight,* while holding defendant only to the duty to exercise that degree of care which the common law exacts generally, that of ordinary or due care *held,* reversible error.

3. APPEAL AND ERROR—INSTRUCTIONS—PRESUMPTIONS.
   Appellate courts must presume that a circuit judge can influence a jury, since the jury must follow his instructions as to the law, hence, he must be circumspect and careful to see that questions of fact are submitted to the unbiased judgment of the jury.

4. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—INSTRUCTIONS.
   Contributory negligence is not susceptible of division into degrees or percentages, and an instruction importing such division or inviting a comparison of the relative amount of negligence attributable to the parties to the action is erroneous.

5. SAME—CONTRIBUTORY NEGLIGENCE—INSTRUCTIONS—SLIGHT NEGLIGENCE.
   Contributory negligence bars recovery by a plaintiff only if it is a substantial factor in bringing about the harm for which damages are sought, hence, instruction relative to contributory negligence that plaintiff would be barred if her decedent were guilty of only *slight* negligence, was erroneous, since the respective duties of decedent and defendant in such a typical negligence case

REFERENCES FOR POINTS IN HEADNOTES
[1, 2, 7]  53 Am Jur, Trial § 559.
[3]  5 Am Jur 2d, Appeal and Error §§ 810–817.
[4, 5, 9]  38 Am Jur, Negligence §§ 367, 368.
[6]  38 Am Jur, Negligence §§ 43, 45.
[8]  4 Am Jur 2d, Appeal and Error §§ 537, 538.

are measurable properly and alike by the standard of ordinary care.

6. SAME—CONTRIBUTORY NEGLIGENCE—SLIGHT NEGLIGENCE.
   Slight negligence is the want of *extraordinary* care and prudence and the law does not require of a person injured by the carelessness of others, the exercise of that high degree of caution as a condition precedent to his right to recover damages for the injuries thus sustained.

7. SAME—INSTRUCTIONS—COUNSEL'S ALLEGED CONSENT TO ERRONEOUS INSTRUCTIONS—APPENDICES.
   Appendices in action under survival and wrongful death acts *held,* to have failed to support appellant-defendant's claim that counsel for plaintiff administratrix had apparently consented to repetition of instruction that plaintiff would be precluded from recovery if her decedent were guilty of only *slight* negligence in failing to protect himself from injury.

8. APPEAL AND ERROR—DENIAL OF INCORRECT REQUEST TO CHARGE.
   Denial of request to charge was not error where the request was not phrased in accordance with the correct rule of law applicable to the case.

9. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—BURDEN OF PROOF—DEATH—PRESUMPTIONS—INSTRUCTIONS.
   The fact that defendant has the burden of proof as to the contributory negligence of a plaintiff or his decedent has not eliminated the need for an instruction that one who is killed or rendered mentally incompetent will be presumed to be free from contributory negligence (Court Rule No 23, § 3a [1945]).

CARR, C. J., and DETHMERS and KELLY, JJ., dissenting.

Appeal from Kalamazoo; Fox (Raymond W.), J. Submitted December 6, 1962. (Calendar No. 104, Docket No. 49,480.) Decided March 7, 1963. Rehearing denied May 9, 1963.

Case by Katheryne Mack, administratrix of the estate of Lawrence Harry Mack, deceased, against Precast Industries, Inc., a Michigan corporation, H. H. Shinville, Inc., a Michigan corporation, and Frank Branch for damages arising from death of member of rigging crew during crane operations on construction job. Cause submitted to jury only as

to defendant H. H. Shinville, Inc. Verdict and judgment for defendant. Plaintiff appeals. Reversed and remanded for new trial.

*Doyle, James & Dark,* for plaintiff.

*Paulson, Bennett & Palmer,* for defendant H. H. Shinville, Inc.

Dethmers, J. (*dissenting*). This is a suit under the survival act and the wrongful death act, for injury and death of plaintiff's decedent. From verdict and judgment of no cause for action for defendant Shinville, plaintiff appeals. No appeal is taken from dismissal as to the other 2 defendants.

Defendant's negligence and contributory negligence of plaintiff's decedent were placed in issue by the pleadings. Plaintiff says "the charge of the court is the sole matter on review."

The first claim of error relates to the statement in the court's charge that for the plaintiff to recover the jury must find that the decedent "was free of any negligence, however slight, which contributed to his injury." Plaintiff says it was error to so instruct the jury "without further instructing the jury that the negligence, however slight, must be a proximate or direct cause of the injuries and death." There is no difference in meaning to say, as the court did, that the negligence, however slight, of decedent which would bar plaintiff's right to recover must be that "which contributed to his injury" or to say, as plaintiff urges that the court should have said, that it must be that which is "a proximate or direct cause of the injuries and death." They are one and the same thing. The court elsewhere properly defined contributory negligence and proximate cause. If negligence contributes to, it is a proximate cause of the injury. Plaintiff also says that the court erred

in causing the words "however slight" to modify the word "contributed" rather than the words "proximate" or "direct" cause. The court did neither. A reading of the portion of the charge above quoted makes it manifest that the court properly caused the words "however slight" to modify the word "negligence". This is as it should be, according to the case relied upon by plaintiff in this connection, *Huey* v. *Milligan*, 242 Ind 93 (175 NE2d 698). That court (p 106) emphasized the difference between saying "slight negligence which is proximate cause" and "negligence which is a slight cause." To bar recovery, decedent's negligence, however slight, must have been a proximate, direct, contributory cause.

Plaintiff cites *Schattilly* v. *Yonker*, 347 Mich 660, to the effect that attempts to discuss, in the charge to the jury, the difference between "mere" negligence and "actionable" negligence are more likely to confuse than clarify and that no such distinction exists in Michigan law. From that, it does not follow that a plaintiff's negligence, however slight, which contributed to his injury would not bar his right to recover. An instruction that it would bar it is a correct statement of the law. From the statement in *Schattilly* that no distinction exists in Michigan law between mere negligence and actionable negligence, the necessary implication is that mere negligence is actionable. By the same token, mere negligence or negligence however slight, on a plaintiff's part, which is a proximate cause of or contributes to his injury, is a bar to his right to recover.

In *Vinton* v. *Township of Plainfield*, 208 Mich 179, 183, the court's instruction included the following:

"The plaintiff can recover providing he himself or his son were not guilty of any negligence which contributed in any degree to the injury."

While that language was not specifically challenged,

this Court said of the instructions containing that statement that they were proper.   In *Zylstra* v. *Graham,* 244 Mich 319, 328, there was included in the instructions the statement that if plaintiff's decedent was guilty of contributory negligence "no matter how slight" the verdict must be for defendant.   Again, while that statement was not directly challenged, the instructions were approved as sufficiently informing the jury as to the duties and responsibilities of both parties.   In *Haara* v. *Vreeland,* 254 Mich 462, 466, the court instructed the jury that for plaintiff to recover it must find that plaintiff "was free from any negligence which contributed to the injury and when I say any negligence, I mean even the slightest."   Plaintiff specifically challenged the use of the word "slightest" in this connection.   It was held to be not prejudicial to plaintiff's case.

Reference has been made to the statement in this Court's majority opinion in *People* v. *Campbell,* 237 Mich 424, 429, that, "slight negligence is never actionable either in the civil or criminal law and is not so under this statute."   From this, it is reasoned that neither can slight negligence of a plaintiff be contributory negligence barring his right to recover. The statute referred to in the quotation was PA 1921, No 98,* defining the crime of negligent homicide under which the prosecution in that criminal case had been brought.   No question did or could have arisen in that criminal prosecution as to the propriety of a jury instruction on slight contributory negligence such as here given.   The mentioned statement in the opinion was gratuitous, *obiter dictum,* made without benefit of citation or authorities, and was not necessary nor even pertinent to the decision that the conviction should be reversed and a new trial granted because of error in admitting evi-

---

* Re-enacted in PA 1931, No 328, § 325 (CL 1948, § 750.325 [Stat Ann 1954 Rev § 28.557]).—REPORTER.

dence as to defendant's violation of the speed limit
in a business district at a point remote from the
scene of the accident and in an instruction to the jury
that the deceased, for whose killing defendant was
being criminally prosecuted, was, as a matter of law,
free from contributory negligence. It is of no prec-
edential value here.

Also cited is *Michigan Central R. Co.* v. *Coleman,*
28 Mich 440 (4 Am Neg Cas 1). There, in a suit
by a passenger against the railroad, this Court held
improper an instruction that carriers of passengers
are "legally bound to exert the utmost care and skill
in conveying their passengers, and are responsible
for the slightest negligence or want of skillfulness"
and "that the degree of responsibility to which car-
riers of passengers are subjected is not ordinary
care, which will make them liable for ordinary neg-
lect, but extraordinary care which renders them
liable for slight neglect." Of that instruction, this
Court said (p 449) that it "would fairly permit the
jury to find anything to be negligence which could
by any possibility be avoided." Despite the use of
the words "however slight" in the instructions in the
instant case, they did not, as in *Coleman,* indicate
that the duty reposing on plaintiff's decedent was
to exert the utmost care and skill or that he was
subjected to responsibility for extraordinary care,
or that he was guilty of contributory negligence if
he did or failed to do anything which could by any
possibility be avoided. On the contrary, the court
in this case expressly told the jury that the duty
reposing on plaintiff's decedent was "to exercise
ordinary care for his own protection."

We are aware of the situation in *Clark* v. *Grand
Trunk Western R. Co.,* 367 Mich 396, in which 5 of
the 8 members of this Court signed an opinion hold-
ing that a claim of error of the kind above considered
was without merit and 1 of those 5 then also joined

the 3 remaining members of this Court in signing an opinion holding it to be reversible error. The consequence thereof may be debatable.

In *Iwrey* v. *Fowler,* 367 Mich 311, this Court, after holding that for another reason the case should be reversed and remanded for new trial, also said the following (pp 316, 317):

"Complaint is also made with reference to the following statement in the charge, likewise bearing on the question as to the contributory negligence of Mrs. Iwrey:

" 'Under our law it does not make any difference if the defendant is 99.9% guilty of negligence, if the plaintiff driver is 1-10th of 1%, or in any way guilty of negligence that contributed to the accident she cannot recover.'

"It is insisted that said statement might have been interpreted by the jurors as barring recovery on the basis of negligence so slight as to be immaterial, or possibly on a finding of remote lack of due care as distinguished from negligence proximately contributing to the accident. That the instruction might have been so construed is possible. The specific reference to stated percentages might well have been confusing."

The instruction at bar made it clear that the only negligence of decedent which would defeat plaintiff's cause of action is negligence which proximately causes the accident, and that proximate cause means that act or failure to act which an ordinarily prudent person ought reasonably to have foreseen might produce the injury in question. These instructions did not, as in *Iwrey,* give the jury occasion to find "remote lack of due care as distinguished from negligence proximately contributing to the accident" as a bar to recovery.

Both in *Iwrey* and in *Schattilly* note is taken of the possibility for confusion in the instructions there

involved. This factor also is mentioned in comments of the Illinois supreme court committee in its Illinois Pattern Jury Instructions. To a suggestion of that character, made to the trial courts of this State, that this type of instruction might, in the interests of clarity, better be omitted in the future, this writer has no objection. This does not include agreement that the instructions given in this case were confusing or constituted prejudicial error.

Appellant further complains of the court's repeating the words "however slight" 16 times. This occurred 6 times during the main charge and 10 times when the jury had returned to ask the court questions about contributory negligence and to what acts of decedent the defendant's claims of contributory negligence were directed. The court, after conferring with counsel on both sides and apparently with their consent and approval, then advised the jury that defendant's claim of contributory negligence went to 2 particular claimed acts of decedent. These were not acts which could be done slightly. Either they were or were not done. That was a disputed question of fact. If the jury found that decedent had done 1 or either of them they could properly find him guilty of contributory negligence. The questions asked by the jury and the answers of the court thus given, limiting the possibility of contributory negligence to 2 claimed specific acts, eliminated altogether any possible consideration of some slight negligence or anything remote from the proximate causes of the injury.

When the jury returned to inquire about defendant's theory as to what claimed acts of decedent constituted contributory negligence, the court answered their questions but did not repeat plaintiff's request, on which the court had already instructed, that in determining whether decedent was guilty of contributory negligence, he must be judged not only

by his own actions but also by what he had a right to expect of others as to performance of their legal duties. This was not error, inasmuch as the subject had been thoroughly covered. *Baker* v. *Saginaw City Lines, Inc.,* 366 Mich 180.

Plaintiff charges as error the court's failure to give the requested instruction that decedent was presumed to be free from contributory negligence. Plaintiff says that not only did the defense fail to overcome or rebut the presumption by evidence but, on the contrary, it was supported by the testimony of an impartial eyewitness who saw and testified concerning what decedent did, completely contradicting and refuting the defense's claim of contributory negligence. Under such circumstance, there was no occasion for an instruction on a presumption when plaintiff had the benefit of express testimony covering the subject of the claimed presumption. Furthermore, the court properly instructed the jury, under former Court Rule No 23, § 3a (1945),[*] that the burden rests on defendant to prove contributory negligence. With plaintiff no longer bearing the burden of proving decedent's freedom from contributory negligence, the difficulty formerly confronting such plaintiff when eyewitness proofs were unavailable, is absent and the need for instruction as to the presumption has vanished.

The court instructed that "merely because there was an accident does not mean that somebody must be liable. There are accidents, many accidents, for which nobody is liable for one reason or another." This was not an "unavoidable accident" instruction such as held to be erroneous in *McClarren* v. *Buck,* 343 Mich 300. As in *Lober* v. *Sklar,* 357 Mich 166, despite repeated requests from court to counsel for suggestions or criticisms of his lengthy instructions,

---

[*] As added, effective June 1, 1958. See 352 Mich xiv. See currently, GCR 1963, 111.7.—REPORTER.

plaintiff's counsel said nothing about this part of the instruction and no objection or suggestion was made that an "unavoidable accident" instruction had been given. No reversible error occurred in this connection.

The judgment should be affirmed. Costs to defendant.

CARR, C. J., and KELLY, J., concurred with DETHMERS, J.

BLACK, J. I agree with Justice DETHMERS that the trial judge, in the repetitious course of instruction upon the subject of *contributory* negligence, "caused the words 'however slight' to modify the word 'negligence.'" I do not agree that this was "properly" done, and take issue with my Brother's conclusion that what in unintended fact was an argument to the jury, for the defense by the trial judge, did not constitute reversible error. The argument was the *final* one of the case. It must have been effective.

We have consistently held that unnecessary repetition of the instructed burden-duty of one party or the other, in a typical negligence case, is of itself argumentatively prejudicial (*Bowmaster* v. *William H. De Pree Co.*, 252 Mich 505, 515; *Buchel* v. *Williams*, 273 Mich 132, 136). And I experience no difficulty in holding that such error is compounded unto reversible error when the matter thus repeated —16 times—is of itself tacitly conceded[1] if not patent error.

This plaintiff, like the dodo, never had a chance. Her decedent by repeated instruction was held to a high or extraordinary degree of common-law care

---

[1] The reference is to Justice DETHMERS' statement that he has "no objection" to a suggestion "that this type of instruction" (that of holding a plaintiff to the duty of refraining even from "slight" contributory negligence) might "better be omitted in the future." (p 446.)

on penalty of verdict against her; whereas the defendants were held only to the duty to exercise that degree of care which the common law exacts generally; that of ordinary or due care. The result was a verdict coerced by erroneous and prejudicial instruction, given repeatedly even after a visibly puzzled jury had twice requested definitive instruction on the subject of what is and what is not negligence and contributory negligence.

I know of no better way to direct a verdict for the defendant in like circumstances excepting that such be done without instruction at all. Possibly, if not probably, members of this Court need be not too far distant, time-wise, from our trial courtrooms to comprehend the devastating influence argumentatively erroneous instructions, repeated for one side or the other, have upon jurors; men and women who have just taken an oath to "take the law from the court." As said in *McDuff* v. *Detroit Evening Journal Co.*, 84 Mich 1, 10 (22 Am St Rep 673):

"Appellate courts must presume that one occupying so important a position as that of circuit judge can influence a jury. It is their duty to follow his instructions as to the law. * * * Trial courts, therefore, cannot be too circumspect and careful to see that questions of fact are submitted to the unbiased judgment of the jury, which, under our jurisprudence, are for their sole determination."

Now for a little law, resumptive of the inconclusive debate started in *Clark* v. *Grand Trunk W. R. Co.*, 367 Mich 396, 402. A day or so after Justice DETHMERS submitted (February 20, 1963) his proposed opinion of this case of Mack, the latest volume of American Law Reports arrived in the law offices and law libraries of Michigan (87 ALR2d). In that volume the reader finds an exhaustive annotation of the topic, "Propriety and prejudicial effect of in-

structions referring to the degree or percentage of contributory negligence necessary to bar recovery," commencing at page 1391. It is unnecessary here to review the multitudinous cases cited therein, the annotator having accurately summarized (1398, 1399):

"The decided weight of authority tends to view that contributory negligence is not susceptible of division into degrees or percentages, and that an instruction importing such division or inviting a comparison of the relative amount of negligence attributable to the parties to the action is erroneous."[2]

In the annotated case (*Busch* v. *Lilly,* 257 Minn 343 [101 NW2d 199, 87 ALR2d 1389]), the court said, unanimously (p 344):

"As early as *Craig* v. *Benedictine Sisters Hospital Ass'n,* 88 Minn 535 (93 NW 669), we held that it was erroneous to instruct that if plaintiff's intestate was negligent in any degree—even the slightest degree— and his negligence contributed in the slightest degree to his death, the plaintiff could not recover."

This is, of course, fully consistent with Restatement of Torts, § 465, p 1229 *et seq.,* the substance of which is that the plaintiff's negligence is a legally contributory cause "if, but only if, it is a substantial factor in bringing about his harm." Proceeding further, through section 465, we find that Restatement refers us, for definition of the phrase "substantial factor," to those sections of the work which define the *defendant's* conduct as a "substantial factor" in bringing about the plaintiff's harm.

There is, I trow, some difference—in the applied common law of contributory negligence—between a "substantial" factor and a "slight" factor. Plaintiffs

---

[2] For a like summation, headed "Instructions favoring defendant," see page 1404 of the annotation.

should not be instructed out unless their contributed negligence is something more than "slight"; which is to say again, as in the *Clark Case* at 405, that the respective duties of plaintiff and defendant—in typical common-law negligence cases—are measurable properly and alike by the standard of ordinary or due care.

*Benedict* v. *City of Port Huron,* 124 Mich 600, a case which seems steadily to have been read 2 ways by lawyers and judges for many years, may be responsible for the error below. Be that as it may, the case has never been dissected by this Court for its veritable essence; yet as veteran trial lawyers know full well the wording thereof has caused no end of controversial discussion in our trial courts when some party defendant has requested an instruction that "contributory negligence, however slight," bars recovery.

The first fact of *Benedict* is that the decision "no reversible error" was begotten, not of correctness of the criticized charge but of final conclusion that the trial judge made it "clear," to the jury, that want of ordinary care was made the test of contributory negligence (p 606). The Court said what cannot be said for this case of Mack (p 606):

"The language quoted from the charge might, under some authorities, be objectionable, if standing alone; but, in connection with the remainder of the charge, it is clear that want of ordinary care was made the test of contributory negligence."

The second fact of *Benedict* is the unfortunate failure—seen now by hindsight—of Justice HOOKER to continue unto context end thereof his limited quotation from *Cremer* v. *Town of Portland,* 36 Wis 92. The Justice's quotation must have been taken from Beach on Contributory Negligence (3d ed), § 20, p 24, a then new work which arrived (March 24, 1899) in

the State law library but a few months prior to submission of the *Benedict Case*. Note Justice Hooker's authoritative reference to Beach on the same page of *Benedict's* report (p 606). Here is the rest of the quotation from *Cremer* (pp 99, 100), with Mr. Beach's added single sentence comment:

" 'And so were the jury instructed, in substance and effect. It is not the law that slight negligence on the part of the plaintiff will defeat the action. Slight negligence is the want of *extraordinary*[3] care and prudence, and the law does not require of a person injured by the carelessness of others, the exercise of that high degree of caution as a condition precedent to his right to recover damages for the injuries thus sustained.' The weight of the most intelligent authority will, it is believed, sustain this position."

My Brother refers the profession to *Haara* v. *Vreeland*, 254 Mich 462, suggestibly as authority for holding that the present "however slight" instruction, even though it was driven home 16 times (the word "slightest" was used once in *Haara's* charge), was at best harmless error. Here, submitted without comment, is the reason why *Haara's* appeal to the point came for naught (pp 466, 467):

"Without holding that the exact wording of the charge is an accurate statement of the law, we are of the opinion that at least as used in the context of the charge it was not prejudicial. The quoted sentence is from the very early part of the charge where the court was obviously attempting to lay before the jury a general outline of the issues involved. In the same paragraph he further stated:

" 'You will let me state that so that there will be no doubt about the question and that the court will not be misunderstood. That the 2 things the burden

---

[3] The stress by italics, laid upon "extraordinary", is that of the Wisconsin court; not that of the present writer.

is upon the plaintiff to establish, the 2 things: First, that the defendant was guilty of negligence. Second, that the plaintiff was free from negligence; and establish these 2 things by a preponderance of the proof, before you pass to the assessment of damages.'

*"In the next paragraph the court properly defined negligence and contributory negligence, and particularly applied the same test as to what constituted negligence on the part of the defendant and as to what constituted contributory negligence on the part of Mr. Haara."* (Emphasis supplied by present writer.)

To summarize all this, there is no respectable authority extant for the repetitious instructions plaintiff criticizes. This is not to indicate or hint any partisan or unfair conduct on the part of the trial judge. He, too, as suggested above, may have read the *Benedict Case* as many others have. Certainly, convinced as he was that such instructions were "the law," his error was no more than that of other honest and capable judges, proceeding honestly and capably. As this Court once said, through Justice COOLEY (*Wheeler* v. *Wallace,* 53 Mich 355, 358):

"In this case we are satisfied the plaintiff has not had a fair trial. In saying this it is not necessary to impute to the judge any purpose to be a partisan in the case, or otherwise unfair. It is not likely he intended to try the case with less than his customary urbanity and courtesy; and when he brings before the jury, as he does in his charge, the familiar figure of the goddess of justice, with her scales nicely weighing and scrutinizing the evidence, it is to be assumed that he means to be as impartial himself as he directed the jury to be. It is nevertheless possible for a judge, however correct his motives, to be unconsciously so disturbed by circumstances that should not affect him, as to do and say, in the excitement of a trial, something, the effect of which he

would not at the time realize, and thereby accomplish a mischief which was not designed. Possibly such circumstances may have existed in this case."

It is said, finally, that counsel "apparently" consented to repetition of this "however slight" legal torture of the decedent's duty to protect himself from injury. I find no hint in the appendices of such unbelievable "consent" and observe that the adjective "apparently" does not—by itself—supply facts.

I agree with Justice Dethmers that no reversible error resulted from denial of plaintiff's request to charge that her decedent was presumptively free from contributory negligence. The request was not phrased in accordance with what apprehendedly is the instructionally correct rule for cases like this, set forth in durable *Gillett* v. *Michigan United Traction Co.*, 205 Mich 410, 421. Aside from that, I must register disagreement with the conclusion that former Court Rule No 23, § 3a (1945),[4] now GCR 1963, 111.7, has eliminated need for instruction, when such instruction is otherwise appropriate, upon the subject of presumed due care. Conceivably, many cases will come to this Court where, even though the defendant now bears the burden of proving contributory negligence, the plaintiff on properly couched request in a jury case, or on judicial consideration of a nonjury case, will be entitled to aid of the presumption. Surely that will be true when, as here, the defendant's proof of such negligence presents a doubtful, or uncertainly circumstantial, question of fact for the jury, and certainly it will be true when the defendant presents no proof of contributory negligence. Such a case, by the way, was before us when *Kratochvil* v. *City of Grayling*, 367 Mich 682 (tried *after* the effective date of said section 3a) was before us. The opinion of that case was

---

[4] As added, effective June 1, 1958. See 352 Mich xiv.—Reporter.

written for a unanimous Court by my Brother DETHMERS. Its pertinent essence was (p 687): "That leaves plaintiff [administratrix], then, where she started, with the benefit of the presumption mentioned in the *Kruis Case* [*Kruis* v. *Grand Rapids, G. H. & M. R. Co.* 190 Mich 105]."

For the error above I would reverse and remand for new trial, with costs to plaintiff.

KAVANAGH, SOURIS and OTIS M. SMITH, JJ., concurred with BLACK, J.

O'HARA, J., took no part in the decision of this case.